Chief Justice ffoBBRTSoy,
delivered the opinion of the Court.
The only question presented in this case is, whether slaves possessed in right of dower by a feme, at the time of her marriage, survive to her or constitute (during her life, and after the death of the husband, whom she married whilst she held them as dower in a former husband’s estate,) a fund for payment of his debts, and for distribution among his heirs.
The question has been expressly decided by this court in the case of Hawkins vs. Craig and wife, VI Mon. 256. In that case the court decided that the wife’s estate in slaves, held as dower from a former husband, at the time of her marriage with a succeeding hnshand, vests absolutely in the latter during their joint lives, and, in the event of her surviving him, goes, during her life, to his personal representative.
But in this ease the circuit court disregarded the authority of that decision, and decided that the dowér which the wife held in slaves of her first hits- *135 band survived to her after her second husband’s death ; and the counsel for the defendant in error insists that the opinion in Hawkins vs. Craig et ux.” is obviously erroneous ; the imputed error resulting chiefly, ns he argues, from a misquotation and misconception, by the court, of the 34th section of an act of 1798, II Digest, 1156.
Statute I7i>s, ii^con’ p’ru >d. ’ ¡'he words “as of his °,vn ProP*' cr slave, or slaves” mean a uosse si m, sua jure,m tinctiun to a fiduciary-posse9si®n-
The absolute right of a wife to slaves for a term of years rests in the tbej^are 'assets in the hands of his should he die. before the wife
So much of that section as can applv to this case, is in tiie following words — “And where any/isms sole is or shall be possessed of any slave or slaves, as of her own proper slave or slaves, the same shall accrue to and be absolutely vested in the husband of such feme i i t n ii when she shall marry.”
The quotation of that section by this court, in Hawkins vs. Craig, omitted the words, “ as of her oio.i proper slave or slaves, ” and we admit that these words are important. But though they do notappear in the quotation mide in VI Mon. their pretermission wai, doubtless, the result of inadvertence in the tr inscription or printing, and not of ignorance of their existence. We will not presume that they were not seen and duly considered by the court in its deliberation in the case o^ Hawkins vs. Craig. And if the question now raised had never been settled, we should be inclined to decide it as our predecessors did, “ as of her own proper slave or slaves” imports, when rightly understood, a possession sua jure as contradistinguished from a trust or possession en autre droit.
The absolute right of the wife to slaves in possession íor a term ot years (live, ten or twenty, lor m-stance,) would, on her marriage, vest absolutely in her husband, and would not survive to her, because her right, though limited in duration, Was perfect and absolute in its nature and quality. So is a dower right in slaves : it is legal, perfect, and absolute during its continuance; and a widow in possession of slaves m consequence oi her title to dower, is possessed of them “ as of her own proper slaves,” as long as her right exists. She has a life estate in them, and does not hold them as bailee or to the use of another, but for her own exclusive use, and in her own legal right, as widow. Her husband’s representatives are entitled only to the reversion, and ■her particular estate is vested as absolutely in her as *136 their reverstion can be in them — with the exception only of her liability to forfeiture for a removal of the slaves from the state.
Statute of .1797 imposing skives 'heliMn dower, if removed with- ^ construed.
Slaves heldriduob<do-<n er vest in 2m" husband, and do not suivivfog° wdfej but vi st in tatives’'of dm 2nd bust-and during the tifo of the widow, toher right o‘f dower as part
The 26th section of an act of 1797, II Dig. 1247, declares, in suhstance, that if a husband shall remove, or permit to be removed, out of this cora10011 wealth any slave or slaves held by his wife at her marriage with him, in right of dower, he shall forfeit to those in rev.ermon his right, during his life, un^eas consented to the removal. And hence, the counsel for the defendants argues that the legislature intended that the right to the slaves should survive to the wife ; and that, consequently, as it would be unjust to affect her, or permit her to be affected, by the improper act of her husband, the forfeiture was limited to his life. This seems to us to be a non sequiter. 1st. The act of 1798 should not be materially affected by such a provision as that of the 26th section of a prior statute. 2nd. It is more reasonable to infer that it was the intention of the legislature to save from forfeiture the rights of the ■legal representatives of the transgressor, after his death, and during tljp continúame of the estate, for the life of his surviving wife, than to suppose that the intention was to recognise in the wife a legal title to the slaves, during her life, by relapse to her in consequence of the death of her last bnshaifd, in whom, in virtue of his marriage, all her right had been vested.
3d Why were those in reversion permitted, by 26th section, to enjoy the husband’s right during his life unless Ms title was absolute and exclusive ? And if it had once become absolutely and exdusive- ^ him, how could it survive to her ?
It seems to us that the 26th section of the act of ^^7, does not, in any manner, tend to shew that tiie right survived to the wdfe, and that all her right, existing at the time of her marriage, vested absolutejv jn j,er husband; and, consequently, after his death, and during her tile, the whole estate in the slaves for her life vested in his representatives, subject to her right to dower jn them, as his wife. But, on this point, the case in VI Mon. is decisive, and needs no extraneous support.
Crittenden for plaintiffs ; Denny and Duncan defendants.
Wherefore, the decree of the circuit court is reversed, and tiie cause remanded, with instructions to render a decree consistent witii the principle herein recognised and established.